**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| | Case No. |
| | **COMPLAINT FOR:** |
| CENGAGE LEARNING, INC., a Delaware corporation; THE McGRAW-HILL COMPANIES, INC., a New York Corporation; and PEARSON EDUCATION, INC., a Delaware corporation, | 1. **COPYRIGHT INFRINGEMENT;**<br>2. **CONTRIBUTORY COPYRIGHT INFRINGEMENT;**<br>3. **VICARIOUS COPYRIGHT INFRINGEMENT;**<br>4. **TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);**<br>5. **COUNTERFEITING (15 U.S.C. § 1114);** |
| Plaintiffs, | 6. **TRAFFICKING IN COUNTERFEIT DOCUMENTATION (18 U.S.C. § 2318);** |
| v. | 7. **ILLEGAL IMPORTATION OF GOODS (15 U.S.C. § 1124 AND 19 U.S.C. § 1526)** |
| JOHN BROCKMAN; RONALD SMITH and WOLVERINE BOOK COMPANY, LLC, | 8. **TRADEMARK DILUTION (15 U.S.C. § 1125(c); and** |
| Defendants. | 9. **UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)** |
| | **DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.     Plaintiffs Cengage Learning, Inc., The McGraw-Hill Companies, Inc., and Pearson Education, Inc. (collectively "Plaintiffs") are among the world's leading educational publishers.  They provide a comprehensive range of traditional and digital educational content and tools to professionals and students of all ages.  Defendants are in the business of buying and selling educational textbooks.  In or about April 2011, Plaintiffs learned that Defendants were importing and selling counterfeit copies of Plaintiffs' copyrighted textbooks bearing Plaintiffs' U.S. registered trademarks.  Plaintiffs bring this Complaint for damages and injunctive relief to bring an end to and seek redress for Defendants' widespread infringement of Plaintiffs' intellectual property rights.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, based on federal question jurisdiction.

3.     This is an action arising under the Lanham Act §§ 32, 42-43, 15 U.S.C. §§ 1114, 1124-1125, the Copyright Act, 17 U.S.C. § 101 *et al.*, and 19 U.S.C. § 1526.

4.     Venue is proper in this district under 28 U.S.C. §§ 1391.  Jurisdiction in this district is proper because Defendants, without the consent or permission of Plaintiffs, caused the importation of and distributed and offered to distribute unauthorized copies of Plaintiffs' copyrighted works bearing Plaintiffs' trademarks, for which Plaintiffs' have the exclusive rights.  Such unlawful conduct occurred in this jurisdiction.

## PARTIES

5.     Plaintiff Cengage Learning, Inc., formerly Thomson Learning, Inc., ("Cengage") is a Delaware corporation qualified to do business in the State of Illinois, with its principal place of business at 200 First Stamford Place, 4th Floor, Stamford, Connecticut, 06902.

6.     Plaintiff The McGraw-Hill Companies, Inc. ("McGraw-Hill"), is a New York corporation qualified to do business in the State of Illinois, with its principal place of business at 1221 Avenue of the Americas, New York, New York, 10020.

7.      Plaintiff Pearson Education, Inc. ("Pearson") is a Delaware corporation qualified to do business in the State of Illinois, with its principal place of business at One Lake Street, Upper Saddle River, New Jersey, 07458.

8.      Defendant Ronald Smith ("Smith") is an individual who resides and does business from 1949 Midchester Dr., West Bloomfield, Michigan 48324.

9.      Defendant John Brockman ("Brockman") is an individual who resides and does business from 37755 Lakewood Circle, Westland, Michigan 48185.

10.     Defendant Wolverine Book Company, LLC ("Wolverine Books") is a Michigan Limited Liability Company formed and principally operated by Defendant Smith out of Michigan.

## GENERAL ALLEGATIONS

11.     Cengage is among the world's largest providers of tailored learning solutions. In the academic marketplace, Cengage serves secondary, post-secondary and graduate-level students, teachers, and learning institutions in both traditional and distance learning environments.  Cengage products and services are sold throughout the world, through direct channels and via a worldwide network of distributors.  Cengage invests significant resources annually in the worldwide advertisement and promotion of its goods and services under all its marks.

12.     McGraw-Hill is a global publisher and lifelong learning partner to students and teachers of all kinds and addresses virtually every aspect of the education market from pre-kindergarten through professional learning, using traditional materials, online learning and multimedia tools.  McGraw-Hill is also a leading provider of reference and trade publishing for the medical, business, engineering and other professions.

13.     Pearson is a world-renowned publisher of educational books and multimedia materials in all subject areas and grade levels, operating under numerous imprints, with a rich educational and literary heritage.  With well-known brands such as Pearson, Prentice Hall, Pearson Longman, Pearson Scott Foresman, Pearson Addison Wesley, Pearson NCS, and many

others, Pearson provides quality content, assessment tools, and educational services in all available media.

14.     Plaintiffs' publications are widely available in the marketplace, including in retail and online bookstores, for schools, students and other consumers.

15.     Plaintiffs use their alliances, affiliations and relationships with wholesalers and distributors as part of their respective overall sales, marketing and distribution efforts, expanding Plaintiffs' geographic reach to actual and potential customers, and allowing Plaintiffs to operate across various mediums and formats.

16.     Plaintiffs invest heavily in textbook publishing.  Each year they incur substantial costs for author royalties or other costs of content creation or licensing, copyediting and proofreading, and for typesetting, layout, printing, binding, distribution, and promotion, and for support of their editorial offices.

17.     The revenue from Plaintiffs' respective sales of textbooks represents a substantial amount (and in some cases a majority) of Plaintiffs' respective annual revenues, and is therefore important to their financial health.

18.     Plaintiffs suffer serious financial injury when their copyrights and trademarks are infringed.  A substantial decline in revenue from textbook sales could cause Plaintiffs to cease publication of one or more deserving books.  This would have an adverse impact on the creation of new works, on scholarly endeavor, and on scientific progress, by making it more difficult to publish deserving works.

19.     Both publishers and authors alike are deprived of income when their books are unlawfully copied and sold, or when their copyrights are otherwise infringed, which can have serious financial and creative repercussions for them and their work.  Many of Plaintiffs' customers, including libraries, academic institutions and book retailers, obtain their stock of Plaintiffs' products from wholesalers for many reasons, including that if a customer, such as library, wishes to purchase a number of titles from different publishers, a wholesaler would be in a better position to provide that customer with access to books from across the publishing

industry.

## PLAINTIFFS' FEDERALLY REGISTERED
## COPYRIGHTS AND TRADEMARKS

### A. Plaintiffs' Respective Copyright Registrations

20.     Cengage, McGraw-Hill and Pearson have each duly registered its copyright in those works described on Exhibit A, among others (hereinafter, "Plaintiffs' Authentic Works").

### B.     Plaintiffs' Respective Trademark Registrations

21.     Plaintiffs' Authentic Works bear trademarks and service marks as set forth on Exhibit B, among others (hereinafter, "Plaintiffs' Marks"), which Plaintiffs have duly registered on the Principal Register of the United States Patent and Trademark Office. Plaintiffs' Marks are distinctive and arbitrary and in some cases are now incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065.  Plaintiffs and/or their predecessors invested decades of effort in building a reputation of quality in the publishing industry, which consumers associate with Plaintiffs' Marks.

## COUNTERFEIT COPIES OF PLAINTIFFS' PUBLICATIONS

22.     Since at least November 2010, Defendants commissioned, ordered, purchased and/or imported counterfeit copies of Plaintiffs' Authentic Works bearing Plaintiffs' Marks (hereinafter "Pirated Books) from one or more sources in Asia or otherwise outside the United States.   In so doing, Defendants deliberately evaded legitimate sources of the products in question, and they chose instead to obtain illegal and counterfeit copies of Plaintiffs' products outside of the United States, for the purpose of importing, illegally distributing and reselling such copies to consumers in the United States and elsewhere, in violation of Plaintiffs' intellectual property rights.

23.     Defendants paid materially less than they would have had they purchased the books directly from the respective publishers or from a legitimate wholesaler.

24.     At the time that Defendants purchased and imported the Pirated Books, Defendants were well aware that the Pirated Works were counterfeit.

25.     After receiving the Pirated Books from Asia, Defendants distributed the Pirated Books as though they were legitimate to a variety of United States wholesalers, including wholesalers in Illinois.  Defendants purchased and imported Pirated Books for the purpose of distributing them to wholesalers who would further distribute them throughout the United States.  Defendants sold the Pirated Books to wholesalers at a price that was above what they paid for them, but was still below the price at which the Plaintiffs sold the Authentic Works.  In so doing, Defendants profited from their illicit activities at the expense of Plaintiffs' sales of their respective Authentic Works.

26.     Defendants knowingly supervised and controlled the importation and distribution of the Pirated Books, and had a direct financial interest in, and stood to gain a direct financial benefit from their deliberately infringing activity.

27.     Upon information and belief, in engaging in the illegal conduct alleged above, in addition to directly organizing and effectuating such infringing activities, Defendants also personally induced, caused, and materially contributed to infringing conduct by others, including the wholesalers to whom they sold the Pirated Works.  The wholesalers further distributed the Pirated Works under the belief that they were authentic.

28.     Defendants did more than supply the means to facilitate the infringement of Plaintiffs' intellectual property rights.  They also substantially participated in, and orchestrated, such infringing activities.

29.     Defendants conspired and acted in concert with one another, as well as individuals and/or entities in Asia, to accomplish their scheme to commit the above acts, which they knew would violate Plaintiffs' intellectual property rights, including their copyrights and trademark rights in Plaintiffs' Authentic Works.

30.     Upon information and belief, Defendants directed and controlled the infringing activities alleged in this Complaint and were and are in a position to benefit economically from the infringement of Plaintiffs' intellectual property rights, which they orchestrated.

31.     The Pirated Books are inferior to Plaintiffs' Authentic Works.  Among other

differences, the Pirated Books are missing pages, use different paper, have blurred photographs and have been bound in an inferior manner. Based on the use of Plaintiffs' Marks, actual and prospective purchasers are likely to believe that the Pirated Books are Plaintiffs' authentic publications. Because the Pirated Books are inferior, this weakens, blurs, and tarnishes Plaintiffs' respective trademarks. It further injures Plaintiffs' business reputations by causing their trademarks and the goodwill associated with them to be confused or mistakenly associated with a group or series of textbooks of lesser quality, as alleged above.

**FIRST CLAIM FOR RELIEF**
**Copyright Infringement Under 17 U.S.C. §§ 101 *et seq.***
**(All Plaintiffs Against All Defendants)**

32.     Plaintiffs hereby restate and incorporate by reference all allegations contained in paragraphs 1-31 above.

33.     Plaintiffs' Authentic Works constitute original works and copyrightable subject matter pursuant to the Copyright Act, and they have been duly registered by Plaintiffs with the United States Copyright Office and published by Plaintiffs in strict conformity with the Copyright Act and all laws governing copyrights.

34.     At all relevant times, Plaintiffs have been and still are the owners of all rights, title and interest in and to their respective copyrights in Plaintiffs' Authentic Works, which have never been assigned, licensed or otherwise transferred to any of the Defendants.

35.     Beginning on an unknown date and continuing at least into 2011, Defendants, with knowledge of Plaintiffs' duly registered copyrights in the Authentic Works, infringed Plaintiffs' copyrights by, among other things, deliberately purchasing, manufacturing, importing, distributing, and reselling the Pirated Books for profit, without the permission, license or consent of Plaintiffs.

36.     Defendants also have infringed Plaintiffs' exclusive rights to reproduce, import, distribute and to authorize reproduction, importation and distribution of the copyrighted Authentic Works to the public by sale or other transfer of ownership, by, among other things,

importing the Pirated Books from Thailand, and possibly elsewhere, from sources whose products Defendants knew or should have known were unauthorized and illegal, or alternatively, by securing the manufacture of the Pirated Books and by distributing the Pirated Books in the United States, including Illinois among other places, without the permission, license or consent of Plaintiffs.

37.      Defendants undertook these actions both individually and jointly.     The individual defendants, Smith and Brockman, acted both through Defendant Wolverine Books and outside of it.

38.      As a result of Defendants' unlawful and deliberate conduct as set forth above, Plaintiffs have been, and will continue to be, damaged.

39.      Upon information and belief, Defendants' unlawful conduct, as set forth above, was deliberate, intentional, knowing, malicious and willful.

40.      Defendants' actions described above have caused and will continue to cause irreparable damage to Plaintiffs, for which Plaintiffs have no remedy at law.     Unless Defendants are restrained by this Court from continuing their infringement of Plaintiffs' copyrights, these injuries will continue to occur in the future.     Plaintiffs are accordingly entitled to injunctive relief restraining Defendants from further infringement.

<u>SECOND CLAIM FOR RELIEF</u>
**Contributory Copyright Infringement**
**(All Plaintiffs Against All Defendants)**

41.      Plaintiffs hereby restate and incorporate by reference all allegations contained in paragraphs 1-40 above.

42.      By engaging in the illegal conduct alleged above, and in addition to directly organizing, effectuating and having knowledge of such infringing activities, Defendants each also induced, caused, and materially contributed to infringing conduct both by each other and by third-parties.

43.      Defendants each did more than supply the means to facilitate and accomplish the

infringement of Plaintiffs' copyrights, but rather they also substantially participated in, and deliberately orchestrated such infringing activities to Plaintiffs' detriment.

44.     Defendants conspired and acted in concert with one another to accomplish their scheme to commit the above acts, which they knew would damage, violate and infringe Plaintiffs' copyrights in the Authentic Works and other works.

45.     Defendants directed and controlled the infringing activities alleged in this Complaint; moreover, they benefitted economically from the infringement of Plaintiffs' intellectual property rights which they orchestrated.

46.     As a result of the Defendants' unlawful and deliberate conduct as set forth above, Plaintiffs have been, and will continue to be, damaged.

47.     Defendants' unlawful conduct, as set forth above, was deliberate, intentional, malicious and willful.

48.     As a result of Defendants' unlawful conduct as set forth above, all Defendants, in addition to their liability for direct infringement of Plaintiffs' copyrights, are jointly and severally liable for contributory infringement of Plaintiffs' copyrights and other intellectual property rights.

49.     Defendants' actions described above have caused and will continue to cause irreparable damage to Plaintiffs, for which Plaintiffs have no remedy at law.   Unless Defendants are restrained by this Court from continuing their infringement of Plaintiffs' copyrights, these injuries will continue to occur in the future.  Plaintiffs are accordingly entitled to injunctive relief restraining Defendants from further infringement.

**THIRD CLAIM FOR RELIEF**
**Vicarious Copyright Infringement**
**(All Plaintiffs Against All Defendants)**

50.     Plaintiffs hereby restate and incorporate by reference all allegations contained in paragraphs 1-49 above.

51.     In addition to committing the direct and contributory acts of infringement

alleged herein, Defendants, individually and in concert, encouraged and facilitated the illegal copying of counterfeit Plaintiffs' publications in Asia and possibly elsewhere, by purchasing such illegal copies with knowledge of their counterfeit nature and status, and then importing, illegally distributing and selling such copies to consumers in the United States and elsewhere to Plaintiffs' detriment.

52.     Defendants supervised and facilitated the infringing and illegal activity described herein, and had the right and ability to control it.  Further, Defendants had a direct financial interest in, and stood to gain a direct financial benefit from, the deliberate, malicious and infringing activity.

53.     Defendants each did more than supply the means to effectuate the infringement of Plaintiffs' copyrights, but rather they also substantially participated in, and stood to benefit financially from, such infringing activities to Plaintiffs' detriment.

54.     Defendants conspired and acted in concert with one another to accomplish their scheme to commit the above acts, which they knew would damage, violate and infringe Plaintiffs' copyrights in the Authentic Works and other works.

55.     In addition to organizing, orchestrating and participating in the alleged infringements of Plaintiffs' copyrights, Defendants also were and are in a position to benefit economically from the infringement of Plaintiffs' intellectual property rights which they so orchestrated.

56.     As a result of Defendants' unlawful and deliberate conduct as set forth above, Plaintiffs have been, and will continue to be, damaged.

57.     Upon information and belief, Defendants' unlawful conduct, as set forth above, was deliberate, intentional, malicious and willful.

58.     As a result of Defendants' unlawful conduct as set forth above, Defendants, in addition to their liability for direct and contributory infringement of Plaintiffs' copyrights, are jointly and severally liable for vicarious infringement of Plaintiffs' copyrights and other intellectual property rights.

59.     Defendants' actions described above have caused and will continue to cause irreparable damage to Plaintiffs, for which Plaintiffs have no remedy at law.  Unless Defendants are restrained by this Court from continuing their infringement of Plaintiffs' copyrights, these injuries will continue to occur in the future.  Plaintiffs are accordingly entitled to injunctive relief restraining Defendants from further infringement.

**FOURTH CLAIM FOR RELIEF**
**Infringement of Federally-Registered Trademarks under 15 U.S.C. § 1114**
**(All Plaintiffs against all Defendants)**

60.     Plaintiffs hereby restate and incorporate by reference all allegations contained in paragraphs 1-59 above.

61.     This claim, arising under Section 32 of the Lanham Act [15 U.S.C. § 1114], is for infringement of trademarks registered to Plaintiffs in the United States Patent and Trademark Office.

62.     Without Plaintiffs' authorization, Defendants are producing, marketing, offering for sale, and selling in commerce textbooks under Plaintiffs' Marks.

63.     Defendants aforesaid uses of Plaintiffs' Marks have caused and are likely to continue to cause confusion, mistake, and/or deception as to the source or origin of Defendants goods, in that the public, and others, are likely to believe that Defendants' goods are provided by, sponsored by, approved by, licensed by, affiliated with, or in some other way legitimately connected with Plaintiffs, all to Plaintiffs' irreparable harm.

64.     Plaintiffs are informed and believe, and on that basis allege, that Defendants will continue to use Plaintiffs' Marks unless enjoined.

65.     Defendants, by their above-enumerated acts, willfully and knowingly have violated and infringed Plaintiffs' rights in and to the federally-registered Marks, in violation of Section 32 of the Lanham Act [15 U.S.C. § 1114], and Defendants threaten to further violate and infringe Plaintiffs' said rights.

66.     Plaintiffs are entitled to an order restraining and permanently enjoining

Defendants from further use of Plaintiffs' Marks under 15 U.S.C. § 1116(a).

67.     Defendants' aforesaid conduct was intentional, or deliberately reckless, and without foundation in law.

### FIFTH CLAIM FOR RELIEF
#### Trademark Counterfeiting under 15 U.S.C. § 1114(1)(a)
#### (All Plaintiffs against all Defendants)

68.     Plaintiffs hereby restate and incorporate by reference the allegations of paragraphs 1-67  as though fully set forth herein

69.     Defendants are infringing the federally registered Plaintiffs' Marks though their use in commerce of a reproduction, counterfeit, copy, or colorable imitation of Plaintiffs' Marks, in connection with the sale, offering for sale, marketing, distributing, or advertising of textbooks, with such use being likely to cause confusion, to cause mistake, or to deceive the public.

70.     Defendants are intentionally using Plaintiffs' Marks on unauthorized product. Defendants are intentionally infringing upon Plaintiffs' trademark rights in order to further their own business enterprises.

71.     The counterfeiting by Defendants of Plaintiffs' Marks has caused and will continue to cause serious and irreparable injury to the reputation and goodwill of Plaintiffs for which Plaintiffs have no adequate remedy at law.

### SIXTH CLAIM FOR RELIEF
#### Trafficking in Counterfeit Documentation or Labels under 18 U.S.C. § 2318
#### (All Plaintiffs against all Defendants)

72.     Plaintiffs hereby restate and incorporate by reference the allegations of paragraphs 1-71 as though fully set forth herein.

73.     Defendants have knowingly and willfully trafficked into the United States counterfeit documentation and labels affixed to the literary works in the form of the Pirated Books.

74.     Defendants knowingly used the United States mail/postal service or a facility of interstate or foreign commerce to traffic in counterfeit documentation and labels affixed to the Pirated Books.

75.     Defendants have been using counterfeit labels or counterfeited documentation or packaging, and continue to use counterfeits of Plaintiffs' copyrighted label, documentation, and packaging in commerce, in connection with their sale and distribution of counterfeit textbooks, including counterfeit copies of the Authentic Works.

76.     Plaintiffs' labels, documentation or packaging, which are registered with the United States Copyright Office and the United States Patent and Trademark Office, are substantially similar to the counterfeit labels, documentation or packaging used by the Defendants in connection with the Pirated Books, and appear to be genuine, but are not.

## SEVENTH CLAIM FOR RELIEF
### Illegal Importation of Goods Bearing Infringing United States Trademarks or Names Under 15 U.S.C. § 1124 and 19 U.S.C. § 1526 (All Plaintiffs against all Defendants)

77.     Plaintiffs hereby restate and incorporate by reference the allegations of paragraphs 1-76 as though fully set forth herein.

78.     Defendants have knowingly imported counterfeit copies, of foreign manufacture, of the Authentic Works, which imitate the name of Plaintiffs' manufacturer and copy Plaintiffs' Authentic Works, including their trademarks, which are registered with the United States Copyright Office and the United States Patent and Trademark Office respectively.

79.     By importing counterfeit copies of Plaintiffs' Authentic Works, Defendants have willfully used counterfeit trademarks which cause confusion as to the origin, sponsorship, and/or approval of the Pirated Books, and which are calculated to induce the public to believe that the Pirated Books were authentically manufactured.

80.     Plaintiffs' manufacture some of their Authentic Works in the United States. On

information and belief, Defendants are importing counterfeit copies of said Authentic Works claiming the Pirated Books were authentically manufactured in the United States when in fact they were manufactured overseas.

**EIGHTH CLAIM FOR RELIEF**
**Trademark Dilution In Violation of 15 U.S.C. § 1125(c)**
**(All Plaintiffs against all Defendants)**

81.     Plaintiffs hereby restate and incorporate by reference the allegations of paragraphs 1-80 as though fully set forth herein.

82.     Plaintiffs' Marks are famous marks entitled to protection from dilution under 15 U.S.C. § 1125(c). Moreover, Plaintiffs have taken reasonable steps to preserve the integrity and image of their Marks.

83.     Defendants' unauthorized, intentional and intended use of Plaintiffs' Marks in commerce has led to the dilution of the distinctive quality of Plaintiffs' Marks including, but not limited to, the blurring and tarnishing of Plaintiffs' Marks, in violation of 15 U.S.C. § 1125(c). Defendants' actions have lessened or have the tendency to lessen the capacity of consumers to distinguish the goods and services of Plaintiffs.

84.     Defendants intentionally and willfully traded upon Plaintiffs' renowned reputation and goodwill, and willfully sought to dilute the famous Plaintiffs' Marks. Defendants' conduct is intentionally fraudulent, malicious, willful, and wanton.

85.     As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered irreparable harm to their valuable marks. Unless Defendants are restrained from further infringement of Plaintiffs' Marks, Plaintiffs will continue to be irreparably harmed.

86.     Plaintiffs have no adequate remedy at law to compensate them for the continued and irreparable harm they will suffer if Defendants' acts are allowed to continue.

87.     As a direct and proximate result of Defendants' conduct, Plaintiffs are entitled to the equitable remedy of an accounting for, and a disgorgement of, all revenues and/or profits wrongfully derived by Defendants from their infringing and diluting use of Plaintiffs' Marks

under 15 U.S.C. § 1117(a).

88.     Plaintiffs seek treble damages, treble Defendants' profits, costs and fees, and prejudgment interest, as well as orders to desist from manufacturing and distributing goods bearing Plaintiffs' Marks and as provided in 15 U.S.C. § 1117(a).

## NINTH CLAIM FOR RELIEF
### Federal Unfair Competition and False Designation of Origin
### In Violation of 15 U.S.C. § 1125(a)
### (All Plaintiffs against all Defendants)

89.     Plaintiffs hereby restate and incorporate by reference all allegations contained in paragraphs 1-88 above.

90.     Defendants' acts and conduct constitute a false designation of origin, and are likely to cause confusion or mistake, or deceive as to affiliation, connection, or association of Defendants with Plaintiffs, and as to origin, sponsorship, and/or approval of such products by Plaintiffs.

91.     Defendants' use in commerce of Plaintiffs' Marks, on or in connection with their products, constitutes a false designation or origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

92.     Defendants' unauthorized use of Plaintiffs' Marks on or in connection with their business and/or its products was done with notice and full knowledge that such use was not authorized or licensed by Plaintiffs.  Plaintiffs are informed and believe, and on that basis allege, that Defendants willfully used and continue to use Plaintiffs' Marks with the intent to confuse, mislead, or deceive consumers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of the products, and with the intent to trade on the reputation and goodwill of Plaintiffs' Marks that were acquired by each of the respective Plaintiffs.

93.     As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered irreparable harm to the valuable Plaintiffs' Marks.  Unless Defendants are restrained from

further infringement of Plaintiffs' Marks, Plaintiffs will continue to be irreparably harmed.

94.     Defendants' acts of unfair competition, false designation, description and representation are causing Plaintiffs irreparable injury.  Defendants continue to commit such acts, and unless restrained and enjoined, will continue to do so, to Plaintiffs' irreparable injury. Plaintiffs' remedy at law is inadequate to compensate them for injuries inflicted and threatened by Defendants.

95.     Because of Defendants' conduct in violation of Section 43(a) of the Lanham Act, Plaintiffs are being injured and damaged, and are entitled to recover damages, Defendants' profits, and costs under 15 U.S.C. §1117(a).

96.     Defendants' used and are continuing to use Plaintiffs' Marks with full knowledge of Plaintiffs' rights, and in bad faith with willful and deliberate intent to trade on the substantial recognition, reputation, and goodwill of Plaintiffs' Marks.  In view of the willful nature of Defendants' infringement and unfair competition, this is an exceptional case within the meaning of 15 U.S.C. §1117(a).

## PRAYER FOR RELIEF

By reason of the acts and circumstances alleged above, Plaintiffs seek relief from this Court as follows:

1.     Damages and/or restitution according to proof at trial, including exemplary damages where authorized by statute;

2.     An accounting and disgorgement of Defendants' profits, gains, and advantages realized from their unlawful conduct, including a reconciliation of purchases and sales of the Pirated Books with documents relating to all of the purchases and sales;

3.     That Defendants be required to pay to Plaintiffs such damages as Plaintiffs have sustained as a consequence of Defendants' unlawful acts as alleged above, including actual damages or statutory damages, at Plaintiffs' election, pursuant to 17 U.S.C. § 504;

4.     An order enjoining Defendants from further infringing upon

Plaintiffs' respective copyrights, pursuant to 17 U.S.C. § 502;

5.     That Defendants be required to pay Plaintiffs such damages as Plaintiffs' have sustained as a consequence of Defendants' unlawful acts as alleged above, including statutory damages or treble damages, pursuant to 15 U.S.C. § 1117;

6.     That Defendants be required to deliver up for destruction all products, packaging, labels, literature, advertising and other material bearing imitations or reproductions, including confusingly similar variations of, Plaintiffs' respective copyrights and marks pursuant to 17 U.S.C. § 503 and 15 U.S.C. § 1118;

7.     That Defendants be required to pay actual damages and profits or statutory damages, at Plaintiffs' election, pursuant to 18 U.S.C. § 2318;

8.     An order enjoining Defendants from further infringing upon Plaintiffs' respective trademarks pursuant to 15 U.S.C. § 1116;

9.     An order preventing the further unfairly competitive acts by Defendants;

10.     For prejudgment interest at the applicable rate;

11.     Punitive damages;

12.     For attorneys' fees costs and costs of suit; and

13.     For such other and further relief the Court deems proper.

DATED:  July 21, 2011          By:  s/  Floyd A. Mandell
                                    Floyd A. Mandell (1747681)
                                    Breighanne A. Eggert (6289475)
                                    KATTEN MUCHIN ROSENMAN LLP
                                    525 W. Monroe Street
                                    Chicago, Illinois 60661
                                    312-902-5200 telephone
                                    312-901-1061  fax
                                    floyd.mandell@kattenlaw.com
                                    breighanne.eggert@kattenlaw.com

Scott A. Zebrak (Admission Pending)
Oppenheim + Zebrak, LLP
1325 G Street, N.W., Suite 500
Washington, DC 20005
202-552-7400 telephone
866-766-1768 fax
scott@oandzlaw.com

Matthew J. Oppenheim (Admission Pending)
Oppenheim + Zebrak, LLP
7304 River Falls Drive
Potomac, MD  20854
301-299-4986 telephone
866-766-1768 fax
matt@oandzlaw.com

*Attorneys for Plaintiffs CENGAGE LEARNING,  INC., THE McGRAW-HILL COMPANIES, INC. and PEARSON EDUCATION, INC.*